**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **DEBORAH J. CHATTO-WIGHTMAN,** ) | **CASE NO. 1:06CV1599** |
| ) | |
| **Plaintiff,** ) | **JUDGE CHRISTOPHER A. BOYKO** |
| ) | |
| vs. ) | **OPINION AND ORDER** |
| ) | |
| **COMMISSIONER OF SOCIAL** ) | |
| **SECURITY,** ) | |
| **Defendant.** ) | |

**CHRISTOPHER A. BOYKO, J**.:

This matter comes before the Court upon the Report and Recommendation of the Magistrate Judge (ECF DKT #15), recommending the Defendant's final determination be reversed and remanded to the Agency for further proceedings. For the following reasons, the Report and Recommendation is REJECTED, and the denial of benefits is AFFIRMED.

**I. BACKGROUND**

Plaintiff, Deborah J. Chatto-Wightman, filed applications for Disability Insurance Benefits and Supplemental Security Income, under 42 U.S.C. § 423(d) and 42 U.S.C. § 1381a, on July 23, 2002, alleging an onset date of April 27, 2000. The Commissioner denied Plaintiff's

applications initially and upon reconsideration. The Administrative Law Judge ("ALJ") conducted a hearing by video teleconference on April 21, 2005, with Plaintiff; her counsel, John S. Regas; Medical Expert, Gordon Snider, M.D.; and Vocational Expert, Bruce Growick, Ph.D., in attendance.

Based on his review of the record and his opinion of Plaintiff's testimony, Dr. Snider testified Plaintiff would require minimum stress in her job, meaning, for example, no high production work.  He further commented, though Plaintiff's complaints about panic attacks were "credible," he was not a psychiatrist and was "reluctant" to testify about her mental impairments. Dr. Growick testified the only past job to which Plaintiff might be able to return was the quality assurance job, as she performed it.  Considering a hypothetical individual with Plaintiff's age, education, and limitations, Dr. Growick testified Plaintiff could still perform a number of light unskilled or sedentary unskilled jobs in the economy; and acknowledged most jobs have productivity demands, though not necessarily fast-paced.  Two written consultative reports of Clinical Psychologist, Dr. John Comley, from 2000 and 2002, were placed in evidence before the ALJ.  In both instances, after a mental status examination, Dr. Comley found Plaintiff extremely or markedly limited, psychologically disabled, and unemployable.  After the conclusion of the hearing, and in her decision, issued on August 24, 2005, the ALJ made the following specific findings:

    1. The claimant has not engaged in substantial gainful activity since the alleged onset date.

    2. The medical evidence establishes that the claimant has a "severe" combination of impairments best described as fibromyalgia; lumbar degenerative disc disease status post

microdiscectomy at L5-S1; a depressive disorder; and a personality disorder.

3. The claimant has no impairment or combination of impairments that meets or equals the criteria of any impairment listed in Appendix 1 to Subpart P of Part 404 in the Regulation.

4. The claimant's testimony regarding her limitation is credible to the extent that she has severe impairments. However, for the reasons stated in the body of this decision, the claimant's testimony is not credible to show that she is incapable of all work activity at any exertional level.

5. The claimant retains the residual functional capacity to lift/carry 15 pounds frequently and 5 pounds occasionally[1]; sit for a total of six hours in an eight hour workday with a sit/stand option allowed every 50 minutes; stand 30 minutes at a time and walk for 45 minutes at a time for a combined total of four hours in an eight hour workday; occasionally operate foot controls with the left lower extremity, frequently operate foot controls with the right; frequently perform push/pull functions with the upper extremities bilaterally subject to the weight limitations stated above; occasionally climb stairs using a handrail; never work at extremes of humidity, in this case defined at greater than 60 percent; and never work around hazards, including no driving of a motor vehicle. Mentally the claimant can perform low stress work, defined in her case as simple repetitive tasks in an environment that does not require frequent or more than superficial contact with others.

---

[1] Apparently, the ALJ meant to find Plaintiff capable of lifting or carrying 5 pounds frequently and 15 pounds occasionally, not vice versa.

6. The claimant is able to perform her past relevant work as a quality control operator as she performed it.

7. The claimant, who is a younger individual with a high school equivalent of education and past semi-skilled work, would also be capable of making a vocational adjustment to other work that exists in significant numbers in the economy.

8. The claimant was not under a "disability," as defined in the Social Security Act, at any time through the date of the decision (20 C.F.R. §§ 404.1520(f) and 416.920(f)).

Plaintiff filed a request for review of the decision, but the Appeals Council found no basis for review.  On June 30, 2006, Plaintiff filed for judicial review, pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3).  On May 31, 2007, the Magistrate Judge issued his Report and Recommendation, recommending reversal and remand.  The Magistrate Judge focused upon whether Plaintiff had ongoing counseling with the Clinical Psychologist, Dr. Comley: "If indeed the plaintiff has been in ongoing counseling with Dr. Comley there should be patient notes reflecting that fact, which could shed light on the soundness of the opinions set out in the consultative reports."  (ECF DKT #15, p. 6).  The Magistrate Judge concluded:

> Given this state of the record, this court believes that it would be appropriate to remand this action pursuant to the fourth sentence of 42 U.S.C. § 405(g), with a specific directive to the ALJ and plaintiff's counsel that they seek to obtain from Dr. Comley whatever original records he has, with a narrative report as to his treatment history of the plaintiff and his opinion as to whether her mental state is or is not preclusive of engaging in work activities, impressing upon Dr. Comley the importance that his cooperating in that regard will have on the plaintiff's future.

*Id*. at p.8.

Defendant filed Objections to the Magistrate Judge's Report and Recommendation (ECF DKT #16).  Defendant asserts Plaintiff was represented by counsel at the ALJ hearing, yet did not take advantage of the opportunity to request the submission of additional evidence.  In any event, Dr.

Comley's opinion should not be accorded much weight, since it is inconsistent with other reliable evidence in the record. The Medical Expert's testimony, moreover, as to the credibility of Plaintiff's mental limitations, was outside that expert's area of specialty, and should not form a basis for remanding the case to the agency. Lastly, the Vocational Expert's opinion that Plaintiff was not disabled because she could perform her past relevant work, or alternatively, a significant number of jobs in the national economy, was made in response to a well-supported hypothetical question, incorporating all of Plaintiff's credible work-related limitations.

## II. LAW AND ANALYSIS

### Substantial evidence

The findings of the ALJ in a Social Security hearing are conclusive, if supported by substantial evidence. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept [as adequate to support a conclusion]." *Richardson, id.; Foster v. Halter*, 279 F.3d 348, 353 (6th Cir. 2001). The Sixth Circuit has also held that "[t]he findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion . . . This is because there is a 'zone of choice' within which the Commissioner can act without fear of court interference." *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ's decision "cannot be overturned if substantial evidence, or even a preponderance of the evidence supports the claimant's position, so long as substantial evidence also supports the conclusion reached by the ALJ." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 477 (6th Cir. 2003); *Foster*, 279 F.3d at 353. The Court will therefore "not try the case de novo, nor resolve conflicts in evidence, nor decide questions of credibility." *Walters v.*

*Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997) (quotation omitted).

**Disability**

Under the Social Security Act, an individual is disabled "if he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). "[A] physical or mental impairment is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 1382c(a)(3)(D). "The burden is on the individual to furnish evidence of the existence of a disability." *Id.* §§ 423(d)(5)(A) and 1382c(a)(3)(H)(i); *Ladwig v. Comm'r of Soc. Sec.*, 39 F. App'x 971, 974 (6th Cir. 2002); *Landsaw v. Sec'y of Health & Human Servs.*, 803 F.2d 211, 214 (6th Cir. 1986) (requiring claimants to provide "evidence complete and detailed enough to enable the Secretary to make a disability determination").

The Magistrate Judge, in the instant case, was troubled by the lack of progress notes from Dr. Comley, the Clinical Psychologist, since Plaintiff testified she saw him "regularly on and off." The only evidence in the record were Comley's two consultative examinations from May of 2000 and September of 2002. However, it was Plaintiff's burden to demonstrate any mental disability, by way of "medically acceptable clinical and laboratory diagnostic" evidence. Pursuant to 20 C.F.R. §§ 404.1512(a) and 416.912(a): "This means that you must furnish medical and other evidence that we can use to reach conclusions about your medical impairment(s) and, if material to the determination of whether your are blind or disabled, its effect on your ability to work on a sustained basis." *See also Bowen v. Yuckert*, 482 U.S. 137,

146 n.5 (1987) ("it is not unreasonable to require the claimant, who is in a better position to provide information about his own medical condition, to do so."). Plaintiff was represented by an attorney at the hearing; and she had the opportunity to cross-examine and to supplement the record. In fact, her counsel was asked if there was any other evidence he wanted to submit into the record. Nevertheless, he did not seek to supplement the record of Plaintiff's alleged mental impairment with any documents, nor did he suggest notes or reports of Dr. Comley existed which would assist in the ALJ's determination.

In any case, Dr. Comley's conclusory opinions are entitled to little weight. His opinion that Plaintiff is "unemployable" and "psychologically disabled" is not persuasive, since the ultimate decision on the issue of disability is reserved to the Commissioner. *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1234-35 (6th Cir. 1993) ("[Plaintiff's treating source] states that plaintiff is "unemployable"; however, unemployable is not equivalent to disabled.").

Moreover, the record contains numerous examples of Plaintiff's ability to perform physical tasks and responsible activities, such as babysitting, traveling, preparing meals, and taking care of a pet. (Hearing Transcript at 380; 397-403). The state agency psychologists concluded Plaintiff could understand and remember simple, repetitive tasks and would do well in a position requiring infrequent intense interaction with others. (Hearing Transcript at 135; 359). The ALJ reasonably determined Dr. Comely's opinion of Plaintiff's disability was outweighed by substantial evidence.

Further, although the Medical Expert, Dr. Snider, testified he found Plaintiff's testimony of disabling panic attacks credible, the ALJ was not required to accord that significant weight. The medical expert was not qualified to comment on the extent of Plaintiff's psychological

limitations. *Buxton*, 246 F.3d at 773. It would be inappropriate, therefore, for the Court to rely upon Dr. Snider's testimony as justification for remand on the issue of mental disability.

The Vocational Expert, Dr. Growick, offered the opinion Plaintiff could perform her past relevant work as a quality control operator. Furthermore, in response to a well-crafted hypothetical, incorporating factors of Plaintiff's age, education level, and pertinent limitations, Dr. Growick found Plaintiff capable of filling a significant number of light, sedentary, unskilled positions in the national economy.

### III. CONCLUSION

Therefore, finding the determination of the ALJ, that Plaintiff was not under a disability as defined in the Social Security Act, was supported by substantial evidence, the Court REJECTS the Report and Recommendation of the Magistrate Judge, recommending remand, and AFFIRMS the denial of benefits.

**IT IS SO ORDERED.**

**DATE: May 14, 2008**

        **s/Christopher A. Boyko**
        **CHRISTOPHER A. BOYKO**
        **United States District Judge**